Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML AVVOCTI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Caraleen Enterprises Pty., LLC**, a Wyoming company,<br><br>        Plaintiff,<br><br>    v.<br><br>**Health In Motion LLC**, a California company,<br><br>        Defendant. | Case No. 5:20-cv-00821<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Caraleen Enterprises Pty., LLC hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action including for infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant because it is headquartered and/or has its primary place of business in this District, where it has committed the infringing acts alleged herein.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)-(c) and 1400.

## PARTIES

4. Plaintiff is a Wyoming company having its principal place of business in Australia.

5. Upon information and belief, Defendant Health In Motion LLC is California company having a principal place of business at 255 Airport Circle, Suite 101, Corona, CA 92880.

## CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 8,491,506)**

6. Plaintiff incorporates by this reference all of the allegations stated in the above paragraphs.

7. Plaintiff is the owner by assignment of U.S. Patent No. 8,491,506 ("the '506 patent") entitled "Exercise Device," which duly and lawfully issued on July 23, 2013. A true and correct copy of the '506 patent is attached hereto as Exhibit A.

8. The '506 patent covers the systems and products claimed, and protects the exclusive right to utilize those inventions, which were not routine or conventional at the time of the inventions.

9. The claims of the '506 patent are directed to, for example, "an exercise device," and Claim 9, for example, recites elements including, *inter alia*: (a) "a main body support;" (b) "at least one pair of independently movable leg supports connected to the main body support and pivoting relative to the main body support to raise and to lower, either separately or together, a user's legs during exercise between upper and lower positions;" (c) "an adjustment device comprising a rod and a piston, the adjustment device allowing the movable leg supports to move between the upper and lower positions;" (d) "a knee extension device, said knee extension device including a pair of foot plates for reception of feet of the user, each of said foot plates attached to an end of a rod sliding within a bearing block, an opposite

end of the rod mechanically coupled to an electric motor such that the foot plate reciprocates relative to the main body support when the rod slides within the bearing block;" and (e) "a pair of pivotally movable rowing handles coupled to said electric motor, the handles pivoting to allow a user to undertake a rowing exercise from a seated position."

10. On information and belief, Defendant has made, used, offered for sale, sold and/or imported into the United States systems and/or products covered by the claims of the '506 patent. For example, as shown in the infringement analysis at Exhibit B, Defendant employs the method covered by Claim 9 of the '506 patent.

11. On information and belief, Defendant has caused, encouraged and aided others, including customers, to directly infringe the '506 patent having full knowledge of the '506 patent and the specific intent that its acts and the acts of its customers and/or others to directly and/or indirectly infringe the '506 patent.

12. By the acts of making, using, offering to sell, selling and/or importing the accused infringing systems and/or methods, Defendant has directly infringed the '506 patent under 35 U.S.C. § 271(a).

13. By the acts of actively inducing others to infringe the '506 patent, Defendant has infringed the '506 patent under 35 U.S.C. § 271(b). On information and belief, having knowledge of the '506 patent, Defendant specifically intended for its customers to infringe the '506 patent by using and/or re-selling the accused infringing systems and/or methods.

14. The acts of infringement asserted herein have been and continue to be deliberate and willful, at least since Defendant first learned about the '506 patent.

15. Defendant has derived and received gains, profits and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged and is entitled to monetary relief in an amount to be determined at trial.

16. The infringement of the '506 patent has caused and continues to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, and the infringement will continue unless and until it is enjoined by this Court.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff prays for the following relief:

A. A determination that Defendant has infringed the '506 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents;

B. An accounting for damages adequate to compensate for the patent infringement under 35 U.S.C. § 284, including Plaintiff's actual damages including lost profits, treble damages, pre-judgment and post-judgment interest, and costs;

C. A determination of willful patent infringement, and that this is an exceptional case, and an award of attorney fees and expenses to Plaintiff under 35 U.S.C. § 285; and

D. Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff hereby demands a jury trial on all the issues in this action so triable of right by a jury.

Respectfully submitted,

Dated: April 17, 2020          **SML AVVOCATI P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiff